IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TODD G. DEAN,**

      **Plaintiff,**

v.                                                                         **CIVIL ACTION NO.: 3:22-CV-67
(GROH)**

**F. ENTZEL, Warden,
CHAPLAIN MARIA,
CHAPLAIN FUENTES, and
SUPERVISORY CHAPLAIN KYLER,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 11, 2022, the *pro se* Plaintiff, a federal prisoner incarcerated at Hazelton FCI, initiated this case by filing an action pursuant to the Federal Tort Claims Act. ECF No. 1.[1] On August 15, 2022, the case was dismissed based on Plaintiff's failure to pay the initial partial filing fee. ECF No. 15. The case was reopened by order entered September 19, 2022. ECF No. 19. Plaintiff paid the initial partial filing fee on October 24, 2022. ECF No. 21.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:22-CV-67, unless otherwise noted.

with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Claims in the Complaint

Plaintiff filed the Court-approved complaint form on April 11, 2022, alleging he was denied equal treatment in his prison employment assignment. ECF No. 1. The complaint alleges that Plaintiff was subjected to the following wrongful conduct and discrimination[2] while in federal custody: (1) that on or around September or October of 2017,[3] Plaintiff who is black[4] was discriminated against by BOP Chaplain Maria ("Maria") who gave more favorable treatment to white inmates, because Plaintiff was subject to an SIS[5] investigation; (2) that several weeks after Plaintiff reported Maria's wrongful conduct to Chaplain Fuentes ("Fuentes"), both Plaintiff and a co-worker, Kowar, were fired [Id. at 6]; (3) that Fuentes and Chaplain Supervisor Kyler ("Kyler") failed to take any action about Maria's alleged misconduct or favoritism toward two white inmates, and rehiring of Kowar, and refusal to rehire Plaintiff [Id. at 6 – 7]; (4) that Maria and Fuentes lied about Plaintiff's behavior which Maria claimed was "disruptive" [Id. at 7 – 8]; (5) that Fuentes allowed a subordinate to demonstrate gross negligence and deliberate indifference "by filing [sic] to act on misconduct and discrimination to take place", even though Fuentes previously

---

[2] Plaintiff asserts five claims for relief in the space provided in the Court-approved form, but within those claims he articulates seven claims for relief.

[3] It is unclear whether Plaintiff has timely pursued his remedies in this case. Plaintiff's FTCA administrative remedy, TRT-MXR-2020-0093, was not filed until 2020, more than two years after Plaintiff alleges he was injured. ECF No. 1 at 4 – 5. The undersigned is without the benefit of access to the complete timeline of any further administrative remedies which may have tolled West Virginia's two-year statute of limitations.

[4] Plaintiff's complaint does not explicitly state his race, however, Plaintiff's demographic information is listed at https://www.bop.gov/inmateloc/.

[5] The BOP has a Special Investigation Services (SIS) unit which investigates illegal activities by inmates and correctional officers.

allowed Plaintiff to develop an inmate program which demonstrated Plaintiff was not disruptive; (6) that Kyler was grossly negligent in failing to speak to Plaintiff or otherwise investigate misconduct after receiving Plaintiff's complaint [Id. at 8 – 9]; and (7) that Warden Entzel ("Entzel") improperly allowed his subordinates to discriminate against and lie about Plaintiff [Id. at 9].

Plaintiff claims that as a result of this treatment by Defendants that he suffered mental and emotional distress, anxiety, marital stress, humiliation, damage to his reputation and "many sleepless night[s]." Id. at 9. Plaintiff further contends that "[t]his cost me physical pain as well". Id.

According to the complaint and attachment, Plaintiff filed an administrative remedy (SF-95 Form) pursuant to the FTCA. ECF No. 1-1 at 2. The copy of Plaintiff's administrative remedy on SF-95 was executed by Plaintiff on April 22, 2019. Id. The administrative remedy document does not include a case number, however, in his complaint Plaintiff identifies the tort claim number as TRT-MXR-2020-00993. ECF No. 1 at 4 – 5. The case number indicates that the administrative remedy was filed in 2020, despite the signature date from April 22, 2019, and Plaintiff states that his remedy was received by the BOP on June 10, 2020. Id. at 4.

Plaintiff seeks six hundred thousand dollars ($600,000.00) in damages. ECF No. 1 at 9.

### III.     LEGAL STANDARD

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**C. Actions Under the Federal Tort Claims Act (FTCA)**

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States. The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

In 2021, the Supreme Court issued a decision which summarized the historical precedent which led to the enactment of the FTCA:

> The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment. Before 1946, a plaintiff could sue a federal employee directly for damages, but sovereign immunity barred suits against the United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Despite that immunity, the Government often would provide counsel to defendant employees or indemnify them. In addition, Congress passed private bills that awarded compensation to persons injured by Government employees. But by the 1940s, Congress was considering hundreds of such private bills each year. Critics worried about the speed and fairness with which Congress disposed of these claims.
>
> In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b). A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[7]

Brownback v. King, 141 S. Ct. 740, 746 (2021) (cleaned up and internal citations omitted).

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in

---

[7] 28 U.S.C. § 1346(b)(1) provides, "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

an FTCA lawsuit. See 28U.S.C. 2679(a); Webb v. Hamidullah, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); Allfgeir v. U.S., 909 F.2d 869 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. FDIC v. Myer, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); Blanchard v. United States, No. 2:14cv58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), aff'd 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

## IV. ANALYSIS

### A. Improper Parties to an FTCA Claim

In his complaint, Plaintiff names four employees of the United States as Defendants in his FTCA case. ECF No. 1. The Federal Tort Claims Act permits a plaintiff to sue the United States of America for actions committed by employees of the United States. Accordingly, F. Entzel, Chaplain Maria, Chaplain Fuentes, and Chaplain Supervisory Kyler, employees of the United States should be dismissed with prejudice from the FTCA claim.

### B.  Failure to State a Claim Under the Federal Tort Claim Act

As recognized by the Supreme Court in Brownback v. King, 141 S. Ct. at 746, an FTCA claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Here, Plaintiff cannot meet all six requirements necessary to maintain an FTCA action.  Plaintiff does not meet either the first or third elements of an FTCA claim.  As to the first element, Plaintiff fails to assert his suit is against the United States, but instead names four individuals whom he claims are agents of the United States.[8]  As to the third element, Plaintiff does not demonstrate that he incurred any physical injuries.  Rather, Plaintiff asserts that he suffered several mental or emotional injuries, including sleepless nights.  ECF No. 1 at 9.  Plaintiff claims he suffered "physical pain" but does not specify what physical injury or pain he suffered.

The failure to demonstrate any physical injury means that Plaintiff fails to state a claim upon which relief may be granted.  Failure to show a physical injury is a requirement to obtain relief under the FTCA.  Pursuant to 28 U.S.C. § 1346 (b)(2), "No person

---

[8] When this case was reopened on September 19, 2022, the Court directed the Clerk to send to Plaintiff a copy of the Court-approved form for filing both a Bivens and an FTCA complaint.  ECF No. 19 at 2.  On September 26, 2022, service was accepted for the order and copies of the Court-approved Bivens and FTCA forms.  ECF No. 20.  A review of the docket shows that Plaintiff has not filed either form with the Clerk.

convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States or any agency, officer, or employee of the Government for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act." Because Plaintiff fails to show that he suffered any physical injury, he fails to meet the third requirement of 28 U.S.C. § 1346(b)(1), and this suit fails to state a claim upon which relief may be granted.

Further, because Plaintiff fails to meet the first and third requirements of the statute, the Court need not address the other four requirements. For these reasons, the complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** because the named Defendants are improper parties to an FTCA action, and that Plaintiff's complaint further be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     October 26, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE