IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TODD G. DEAN,**

       **Plaintiff,**

v.                                                      **CIVIL ACTION NO.: 3:22-CV-67
(GROH)**

**F. ENTZEL, CHAPLAIN MARIA,
CHAPLAIN FUENTES,
SUPERVISORY CHAPLAIN KYLER,
and SIX UNKNOWN AGENTS,**

       **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this civil action was referred to Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued an R&R [ECF No. 19] on October 26, 2022. In the R&R, Judge Trumble recommends that the Plaintiff's Complaint [ECF No. 1] be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by

2

legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Plaintiff on October 31, 2022. ECF No. 23. On January 13, 2023, the Plaintiff filed a Motion for Reconsideration of Reopening Case. ECF No. 26. The Plaintiff's Motion does not address the R&R.

Upon review of all the filings in this matter, the Court finds that the Plaintiff has failed to timely file objections to the R&R. After careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 22] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The Plaintiff's Motion for Reconsideration of Reopening Case is **DENIED**. ECF No. 26. This civil action shall be removed from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** January 17, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE